IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REBECCA JEAN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 1:23-cv-00045 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| MARTIN O'MALLEY, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On January 23, 2024, Defendant filed a motion (Doc. No. 10, "Motion to Remand") requesting that the Court enter judgment reversing and remanding this case to the Commissioner for further action under sentence four of 42 U.S.C. § 405(g).[1] Plaintiff filed a response (Doc. No. 12, "Response") to the Motion to Remand in which she (i) agreed that vacatur of the Commissioner's decision and remand is appropriate; but also (b) implied that this Court should instruct the Commissioner to hold a *de novo* hearing and issue a *de novo* decision. On July 3, 2024, the Court ordered the Parties to file briefing explaining their respective positions on whether the district court's remand to the Commissioner may come with specific instructions regarding the ordering of a *de novo* hearing. (Doc. No. 13, "Order").

On July 9, 2024, the Parties filed a joint response (Doc. No. 14, "Joint Response") to the Order stating their agreement that an additional administrative hearing would be appropriate in this case. Via the Joint Response, the Parties also represented that, upon remand, the Commissioner

---

[1] Sentence four of 42 U.S.C. § 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

will issue a new decision after giving Plaintiff the opportunity for an additional hearing and taking any necessary action to complete the administrative record in this case. (Doc. No. 14 at 1-2).

Accordingly, the Motion to Remand (Doc. No. 10) is GRANTED as unopposed. The Commissioner's decision is REVERSED, and this case is REMANDED to the Commissioner for further review.[2]

The Clerk is directed to enter judgment in favor of Plaintiff pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] Entry of final judgment in this case constitutes "final judgment" for purposes of the requirement in the Equal Access to Justice Act, 28 U.S.C. § 2412, that a request for attorney fees be made within 30 days of expiration of the period for appealing "final judgment." *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993).